[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on an Application for Approval of Transfer of Structured Settlement Rights filed by Stratcap Investments, Inc., and James E. Murchison (the "applicants"). Murchison was a plaintiff in a lawsuit that was settled by execution of a structured settlement agreement. Under the terms of that agreement, he is entitled to receive three payments: $27,500 on August 1, 2000; $30,000 on August 1, 2004; and $80,000 on August 1, 2010. He has already received the first payment. Both applicants now seek court approval for Stratcap to pay Murchison $29,000 in exchange for him transferring to Stratcap a portion of each of the two remaining payments — $20,000 from the $30,000 due on August 1, 2004, and $50,000 from the $80,000 due on August 1, 2010. Under General Statutes § 52-225f, the Superior Court must determine whether the proposed transfer is in Murchison's best interest and is fair and reasonable to all parties.[1]
A hearing on the application for declaratory judgment was scheduled for short calendar on March 24, 2003. Murchison did not personally appear on that date. Section 52-225f (3) of the General Statutes requires that
The payee shall cause notice of the action to be served on all interested parties by a proper officer or other person lawfully empowered to make service. The notice of the action shall include (A) a copy of the payee's application to the court for approval of the transfer, (B) a copy of the disclosure statement required under subsection (b) of this section and (C) notice of the hearing.
There is no doubt that Murchison is an interested party. Although the same counsel represents both applicants, there is no evidence before the court that Stratcap, the proposed payee, provided actual notice of the hearing date to Murchison, or that service had been made on him of other items required by § 52-225f (3). Accordingly, the court denies the application for declaratory judgment, without prejudice. CT Page 3822
 BY THE COURT STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT